**IT IS ORDERED as set forth below:**

**Date: March 29, 2023**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| JON MICHAEL HAYES SHIBLEY, | : | 18-68584-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is Debtor's Motion to Avoid the Judicial Lien of Daniel Smith ("Smith") (Doc. 263, the "Motion"). On March 16, 2023, the Court held a hearing on the Motion and Smith's response (Doc. 275 "the "Response"), at which appeared Debtor and Evan Altman, as counsel for Smith (the "Hearing").[1] This matter constitutes a core

---

[1] The Court also considered Debtor's Reply. *See* Doc. 280.

proceeding, over which this Court has subject matter jurisdiction. 28 U.S.C. §§ 1334; 157(b)(2)(B), (K), (O); *see also In re Ahn*, 804 F. App'x 541, 544 (9th Cir. 2020); *Matter of Raines*, 161 B.R. 548, 548 (Bankr. N.D. Ga. 1993), aff'd sub nom. *In re Raines*, 170 B.R. 187 (N.D. Ga. 1994).

On November 5, 2018 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and the Court converted the case to Chapter 7 on July 25, 2019 (Doc. 90). According to Debtor's amended Schedules A/B, Debtor owns real property known as 770 and 780 Clubside Drive, Roswell, Georgia 30076 (the "Real Property") jointly with his wife, Malin Shibley. Debtor scheduled the Real Property as having a value of $1,150,000, and Smith has stipulated to this value. *See* Doc. 303.[2] On the Petition Date, the Real Property was subject to a property tax lien in the amount of $1,024.80, a judicial lien held by Smith against Debtor in the amount of $1,168,000 (the "Judicial Lien"), and a deed to secure debt held by Private Bank of Buckhead[3] with a

---

[2] In Debtor's Post Hearing Brief (Doc. 304), Debtor confirmed his position that the value of the Real Property is $1,150,000.

[3] Debtor previously filed a complaint seeking a determination that CenterState Bank, N.A. (the "Bank"), the successor in interest to Private Bank of Buckhead, did not hold a valid deed to secure debt ("DSD") on the Real Property. *See* Case Number 19-05229-LRC (the "Adversary Proceeding"). On November 4, 2022, the Court entered an order and judgment in favor of the Bank, declining to grant Debtor's request for a declaration that the Bank has no security interest in the Real Property (the "AP Order"), and an order granting the Motion for Relief (Doc. 248).

2

balance of $955,000 (the "DSD"). *See* Doc. 271. Debtor has claimed an exemption in the Real Property pursuant to O.C.G.A. § 44-13-100(a)(1). *Id*. According to Schedule D, the Judicial Lien arose from the recording of a writ of *fieri facias* on July 28, 2017. *Id*.[4] On Schedule C, Debtor has also claimed various items of personal property (the "Personalty") as fully exempt. *See* Doc. 271.

Debtor seeks avoidance of the Judicial Lien as to his exempt property. Pursuant to section 522(f)(1), a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). To be avoidable, a lien must be either a judicial lien or a nonpossessory, nonpurchase money security interest in certain household goods and wearing apparel. *Id*. Under section 522(f)(2), a lien will be found to impair the debtor's exemption to the extent that: "the sum of– (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property[5] would have in the

---

[4] Debtor has argued, without authority, that the Judicial Lien attached to only 780 Clubside Drive because it is his residence and 770 Clubside Drive is a separate property. *See* Doc. 304. The recording of a writ of *fieri facias* creates a lien on all real property owned by the judgment debtor in the county in which it is filed. *See* O.C.G.A. § 9-12-80, § 9-12-86; *Synovus Bank v. Kelley*, 309 Ga. 654, 659, 847 S.E.2d 592, 596 (2020).

[5] The "value that the debtor's interest in the property would have in the absence of any liens" is the fair market value of the property at the time of the commencement of the case. *In re Thigpen*, 374 B.R. 374, 376 (Bankr. S.D. Ga. 2007);

3

absence of any liens." 11 U.S.C. § 522(f)(2)(A); *see also In re Holloway*, 81 F.3d 1062, 1070 (11th Cir. 1996) (noting that the "interpretation of § 522(f) offered by debtors—that judicial liens can be avoided even if property is fully encumbered—has [as of 1994] been written into the federal law by virtue of an explicit formula"); *In re Hines*, 799 F. App'x 743, 746 (11th Cir. 2020) (explaining that the application of the § 522(f) formula when debtor owns only a partial interest in real property requires the court to divide the equity in half).

Having reviewed the Debtor's schedules and considered Smith's stipulation that the value Debtor scheduled for the Real Property is accurate, the Court concludes that the Judicial Lien impairs Debtor's exemptions and is avoidable in its entirety as to the Personalty. As to the Real Property, the Judicial Lien is partially avoidable for the reasons stated below.

On the Petition Date, the Real Property was worth $1,150,000. The portions of the DSD and the tax lien attributable to Debtor's one-half interest in the Real Property were $477,500 and $512.40 (the "Unavoidable Liens"), and Debtor's exemption is $21,500. The

---

*see also* 11 U.S.C.A. § 348(a); *In re Milliner*, 554 B.R. 525, 532 (Bankr. M.D. Ga. 2016) (noting that conversion of a case does not "change this operative date").

4

Judicial Lien secures a debt in the amount of $1,168,000 and is against Debtor only. The sum of Debtor's exemption and Unavoidable Liens is $1,667,512.40, which exceeds the value that Debtor's one-half interest in the Real Property would have in the absence of any liens ($575,000) by $1,092,512.40. Accordingly, it appears that the Judicial Lien impairs Debtor's exemption in the Real Property and is avoidable to that extent, leaving a judicial lien of $75,487.60 against the Real Property. Therefore,

IT IS ORDERED that the Motion is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that the judicial lien held by Daniel Richard Smith on the Personalty is avoided;

IT IS FURTHER ORDERED that the judicial lien held by Daniel Richard Smith against real property known as **770 and 780 Clubside Drive, Roswell, Georgia 30076** is avoided to the extent of $1,092,512.40, leaving in place a judicial lien in the amount of $75,487.60.

**END OF DOCUMENT**

**Distribution List**

Jon Michael Hayes Shibley
780 Clubside Drive
Roswell, GA 30076

Aleksas A. Barauskas
Akerman LLP
Suite 3100
50 N. Laura St.
Jacksonville, FL 32202

Leslie M. Pineyro
Leon Jones
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

William Russell Patterson, Jr.
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629

Evan M. Altman
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-3307

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031