**IT IS ORDERED as set forth below:**



**Date: March 30, 2023**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | ) | CASE NUMBER |
| | ) | |
| JON MICHAEL HAYES SHIBLEY, | ) | 18-68584-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |
| | ) | |

## ORDER

This matter comes before the Court on the Debtor's *Second Amended Motion for Stay Pending Appeal* (Doc. 266, the "Motion"). Acting *pro se*, Debtor requests a stay pending appeal of an order entered November 4, 2022 (Doc. 248, the "Order Granting Stay Relief") granting the Motion for Relief from the Automatic Stay (Doc. 194, the "Motion

1

for Relief") filed by South State Bank (the "Bank").[1]

*Background*

Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 5, 2018. The case was converted to one under Chapter 7 on July 25, 2019, upon motion filed by the United States Trustee and over Debtor's objection. On November 3, 2020, the Bank filed its Motion for Relief seeking to proceed with foreclosure remedies as to Debtor's real property located at 770 and 780 Clubside Drive, Roswell, Georgia (the "Property"). Prior to the filing of the Motion for Relief, Debtor filed an adversary proceeding (Adversary Proceeding No. 19-5229, the "Adversary") claiming – in small part – that the Bank lacked a secured interest in the Property. Debtor opposed the Bank's relief, and the Court did not immediately rule on the Motion for Relief. After the Court heard and resolved numerous pretrial motions and narrowed the issues considerably, Debtor and the Bank went to trial in the Adversary, and the Court granted the Bank's motion for directed verdict (Adversary, Doc. 124) and entered judgment in favor of the Bank (Adversary, Doc. 125) (collectively, the "Order and Judgment"). On the same day, the Court entered the Order Granting Stay Relief in this case such that the Bank could proceed with foreclosure.

Debtor appealed in both cases: the Order Granting Stay Relief and the Order and Judgment. Now, Debtor seeks a stay of the Order Granting Stay Relief, to permit him to

---

[1] Originally, the Court granted the Motion (Doc. 277, the "Original Order"), but after the Bank moved the Court to reconsider the Original Order and responded to the Motion (Doc. 281, the "Motion to Reconsider"), the Court granted the Motion to Reconsider (Doc. 293).

2

remain in his home – or attempt to sell it – until such time as his appeal of the Order Granting Relief can be taken up in District Court.  For the reasons stated below, the Court finds it cannot grant Debtor's request.

*Analysis*

A court's decision to grant or deny a motion to stay lies solely in its discretion.  *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987); *see also Matter of Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017).  Rule 8007(a) provides, in pertinent part, that a party, ordinarily, must move first in the bankruptcy court for "stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1). "In determining whether a discretionary stay should be granted, courts have adopted a test comprised of four factors: (1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay."  *Id*. (citing *In re Arnal*, 2003 Bankr. LEXIS 2258, 2003 WL 22709326, at *1 (Bankr. S.D. Ga. 2003) (citing *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).  As noted by Judge Drake in *Webb*, while "[o]rdinarily, the first factor, likelihood of success on appeal, carries the most weight," the Court may apply "a lower standard" when the "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay."  *Id*. In such a case, "the movant need only show a substantial case on the merits."  *Id*.; *see also League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir.

3

2022) (internal citations and quotation marks omitted) ("[When the balance of equities … weighs heavily in favor of granting the stay[,] we relax the likely-to-succeed-on-the-merits requirement.").

In its Original Order, and without any response from the Bank, the Court relaxed the first factor and weighed heavily the second factor, the potential substantial irreparable injury to Debtor, in granting the Motion. Indeed, were Debtor successful on appeal of the Order and Judgment and eventually succeeded in proving that the Bank is not a secured creditor after the Bank foreclosed, his home would have been wrongfully foreclosed and Debtor would be irreparably harmed because real property is unique. But such a conclusion begs the question. A movant seeking a stay pending appeal "is always required to demonstrate more than the mere possibility of success on the merits," and because Plaintiff has not demonstrated any possibility of success in appealing the Order Granting Stay Relief, the Court must end its analysis without consideration of the potential irreparable harm. *Fullmer v. Michigan Dep't of State Police*, 207 F.Supp.2d 663, 664 (E.D. Mich. 2002) (citations omitted). In other words, because the Court cannot find Debtor would be successful under even a relaxed "substantial case on the merits" standard, the Court must deny the Motion.

Section 362(d) of the Bankruptcy Code provides, in part, that on request of a party in interest the Court shall grant relief from the stay where cause exists. At a hearing on the Motion for Relief, the Bank argued that the stay should have been lifted because (1) there was no equity in the Property and (2) there was no bankruptcy purpose to be served

4

by the stay's continuation. In lifting the stay, the Court reasoned that, because the Chapter 7 Trustee filed his report of no distribution (Doc. 238) indicating that he had no interest in liquidating the Property for the benefit of unsecured creditors and because the Bank demonstrated a colorable interest in the Property, no bankruptcy purpose existed such that the stay should have remained in place. Order Granting Stay Relief at 2-3. Indeed, § 362(d) requires the Court grant stay relief in such instances.

As to the first factor in analyzing a motion for a stay pending appeal, rather than addressing the Court's findings under § 362(d), Debtor attacks the Order Granting Stay Relief only as to the Bank's standing to bring the Motion for Relief.[2] In essence, Debtor would have the Court find that it erred in lifting the stay because the Bank did not prove the validity of its lien. Debtor appears to conflate the findings and standards in the Order Granting Stay Relief and those in the Order and Judgment.[3] But the burdens for Debtor (as plaintiff in the latter case) and the Bank (as movant in the former matter) were not the same. As to the Motion for Relief, the burden was on the Bank to demonstrate it had a

---

[2] The Motion and Supplemental Brief speak to one or more of the other three factors in this analysis. For example, Debtor discusses how wrongful foreclosure would irreparably harm him and his wife. Motion at 7. Because it does not reach the other factors, as discussed *infra*., the Court need not address Debtor's arguments as to these factors here.

[3] "Significantly, a party does not meet its burden on [the first] factor [of this motion for stay pending appeal analysis] by simply restating previous arguments from earlier filings." *In re Wellington*, 631 B.R. 833, 839 (Bankr. M.D.N.C. 2021) (internal citations omitted). Even if the Court considers Debtor's likelihood of success on the appeal of the Order and Judgment, the Motion and Supplemental Brief do nothing more than regurgitate arguments the Debtor made and the Court rejected in the Adversary. Debtor – as plaintiff in the Adversary – bore the burden up to and including trial, so his claims that the Court erred because it "never forced [the Bank] … to prove [Debtor's] accounts were not true" lack merit. Motion at 10 (emphasis omitted); *see also* Motion at 50 (listing "Motions that [the Bank] was not required to answer in the required time, [sic] or at all") (emphasis omitted). It was Debtor who sought a declaration that the Bank's lien was invalid in the Adversary, and he failed to meet his burden. Therefore, the Bank did not have to defend itself to prevail.

"colorable interest" in the Property. Notably, "a hearing on a motion to lift the automatic stay under § 362(d) is limited in scope. Questions of the validity of liens are *not* generally at issue in a § 362 hearing, but *only* whether there is a colorable claim of a lien on property of the estate." *In re Old Cold, LLC*, 602 B.R. 798, 826 (B.A.P. 1st Cir. 2019), *aff'd sub nom. In re: Old Cold, LLC*, 976 F.3d 107 (1st Cir. 2020) (emphasis added and internal citations omitted). Importantly, in finding that a movant has met the "colorable claim" requirement, the Court "does not fully and finally adjudicate the merits of the parties' underlying claims of security or beneficial interests in the resolving the stay relief motion." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico* (D.P.R. 2020), *aff'd*, 989 F.3d 170 (1st Cir. 2021). The Order Granting Stay Relief noted that "[the Bank] has demonstrated a colorable interest in the Property," and it is still the case that it has met that burden, one much lighter than was Debtor's at trial in the Adversary. *See In re Old Cold*, 602 B.R. at 825 (noting that a "colorable claim (one seemingly valid and genuine) is not a difficult standard to meet"). Debtor points to nothing that convinces the Court that the Order Granting Stay Relief is flawed.

As to a motion for a stay pending appeal, where a "movant does not make the requisite showings on either [a likelihood of success on the merits or that he will suffer irreparable harm], the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." *Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300-01 (7th Cir. 1997) (internal citations omitted). Debtor has failed to show the Court that he has any likelihood of success on the merits of the appeal of the Order

Granting Stay Relief, so the Court need not consider past the first factor in this analysis.

Therefore,

IT IS ORDERED that the Motion is **DENIED.**

**END OF DOCUMENT**

**Distribution List**

**Jon Michael Hayes Shibley**
780 Clubside Drive
Roswell, GA 30076

**Aleksas A. Barauskas**
Akerman LLP
Suite 3100
50 N. Laura St.
Jacksonville, FL 32202

**Leslie M. Pineyro**
Jones and Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

**Edwin K. Palmer**
P.O. Box 1284
Decatur, GA 30031

**William Russell Patterson, Jr.**
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629