**IT IS ORDERED as set forth below:**

**Date: July 25, 2024**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | BANKRUPTCY CASE NUMBER |
| JON MICHAEL HAYES SHIBLEY, | : | 18-68584-LRC |
| Debtor. | : | |
| JON MICHAEL HAYES SHIBLEY, | : | CONTESTED MATTER |
| Movant, | : | |
| v. | : | |
| SOUTHSTATE BANK, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Respondent. | : | BANKRUPTCY CODE |

## ORDER

Jon Michael Hayes Shibley ("Debtor") filed a *Motion for Sanctions* against SouthState Bank (the "Bank"), seeking compensatory damages and sanctions (the

"Claims") (Doc. 340, the "Motion"). [1]  The Bank opposes the Motion.

Background Facts and Procedural History

On November 5, 2018 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Doc. 1).[2]  The Court converted the case to Chapter 7 on July 25, 2019 (Doc. 90), and Edwin K. Palmer (the "Trustee") was appointed as the Chapter 7 trustee.  On the Petition Date, Debtor owned, with his wife, his residence, commonly known as 770 and 780 Clubside Drive, Roswell, Georgia (the "Property").  The Property was subject to a deed to secure debt held by the Bank.  *See* Doc. 271.  The Trustee filed a report of no distribution and a notice of abandonment as to the Property (Doc. 238).

---

[1] This matter is a core proceeding, over which this Court has subject matter jurisdiction.  28 U.S.C. § 1334; § 157(b)(2)(A); *In re Repository Techs., Inc*., 601 F.3d 710, 720 (7th Cir. 2010); *In re Carl F. Semrau D.D.S., Ltd*., 356 B.R. 677, 689 (Bankr. N.D. Ill. 2006); *In re Kilgore,* 253 B.R. 179, 190 (Bankr. D.S.C. 2000).

[2] The Court takes "judicial notice of the dockets and the content of the documents filed in the case for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute." *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).  Further, the Court "may also take judicial notice of another court's orders" when determining whether *res judicata* requires dismissal of a case. *Williams v. Ocwen Loan Servicing, LLC*, 2016 WL 5339359, at *6 (N.D. Ga. May 9, 2016), report and recommendation adopted, 2016 WL 5660347 (N.D. Ga. May 26, 2016); *see also In re Kinney*, 561 B.R. 274, 279 n. (Bankr. N.D. Ga. 2016) (noting that the Court "may take judicial notice of the entry of an order addressing same for purposes of recognizing the 'judicial act' it represents" and that the Court "may take judicial notice of the allegations asserted by the Debtor in other federal courts . . . and their similarity to those made in the present proceeding, and the fact that these allegations were dismissed"; "[j]udicial notice is especially appropriate as the Debtor was a direct participant in those proceedings").

2

In August 2021, the Property was abandoned to Debtor following the filing of the notice of abandonment, no objections having been filed to the notice, and ceased to be property of Debtor's bankruptcy estate. *See* 11 U.S.C. § 554. The Court also terminated the automatic stay in favor of the Bank to permit it to exercise its state law rights with regard to the Property. Doc. 248 (the "Order Lifting Stay"). In the Order Lifting Stay, which the Court entered on November 4, 2022, the Court stated its bases for terminating the automatic stay in favor of the Bank as follows: "This is a Chapter 7 case in which the Trustee has filed a report of no distribution and a notice of abandonment (Doc. 238), indicating that the Trustee has no interest in liquidating the Property for the benefit of unsecured creditors. Movant has demonstrated a colorable interest in the Property." According to exhibits filed with the Motion, it appears that Debtor and his wife sold the Property in February 2024, over a year after the entry of the Order Lifting Stay.

Allegations and Contentions of the Motion

In the Motion, Debtor submits that the Bank added the cost to its debt balance for amounts it allegedly paid for property taxes owed on the Property when, in fact, the Bank had not advanced those funds for payment of the property taxes, the property taxes remained outstanding, and Debtor and his wife paid the property taxes upon the sale of the

3

Property. Consequently, Debtor asserts that he was damaged by having been overcharged the amount of the property taxes—$182,000. He also argues that the false statements made by the Bank regarding its payment of property taxes in its motion for relief from the stay swayed this Court, such that, had the Bank not made these false statements, the Court would not have lifted the automatic stay to allow the Bank to begin foreclosure proceedings and Debtor would have realized $350,000 in additional equity when he sold the Property. He asks the Court to sanction the Bank in an amount equal to his lost equity, relying on the Georgia Fair Business Practices Act and the Fair Debt Collection Practices Act as a source of authority.

In response, the Bank denies Debtor's allegations and raises the defenses of release and *res judicata* (Doc. 348, the "Response"). Specifically, the Bank points to a settlement agreement between Debtor and his wife ("Settlement Agreement," Response, Exhibit A), in which Debtor agreed that the amount of the debt owed to the Bank and secured by the Property as of October 18, 2023, was $1,144,357.82 plus additional accruing interest of $94.08 per day. In the Settlement Agreement, in exchange for the Bank's agreement to accept a payoff of only $1,018,000 and forbear from foreclosing on the Property, Debtor released and forever discharged the Bank from any and all claims, debts, liabilities,

4

demands, obligations, attorney's fees, costs, expenses, actions, and causes of action of every nature, character, and description, known or unknown, which Debtor then owned or held, by reason of any matter, fact, transaction, occurrence, or event whatsoever, from the beginning of the world, to the date of the Settlement Agreement.  A second settlement agreement ("Second Settlement Agreement," Response, Exhibit B) was executed by Debtor and the Bank on January 2, 2024, in which the Bank agreed to extend the payment date to allow Debtor additional time to close a sale of the Property.  In the Second Settlement Agreement, the parties affirmed and ratified all other terms of the Settlement Agreement, including the releases.

The Bank also relies on the preclusive effect of Debtor's voluntary dismissal with prejudice of three lawsuits filed by Debtor in the Superior Court of Fulton County, Georgia, on January 26, 2024, and removed by the Bank to the United States District Court for the Northern District of Georgia (Response, Exhibit C).  *See* Case Numbers 24-cv-00436-WMR (N.D. Ga.); 24-cv-00437-WMR (N.D. Ga.); 24-cv-00439-WMR (N.D. Ga.) (the "First Case").  In the First Case, Debtor pled claims for violations of the Georgia Fair Business Practices Act and the Fair Debt Collection Practices Act and specifically alleged that the Bank knowingly "collected Tax Escrow, rolled them into the loan, but did not pay

5

the property taxes," and made "multiple motions to remove the stay" that were grounded in fraud and false statements, and misrepresentations." Case No. 24-cv-00439-WMR, Doc. 1, at 8–9. Debtor dismissed the First Case "with prejudice" pursuant to Rule 41(a)(1)(A) on February 5, 2024.

Analysis

As a threshold issue, the Court addresses the Bank's *res judicata* argument because, if claim preclusion applies, it is an absolute bar to the Claims. *Aning v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 2991802, at *5 (N.D. Ga. Apr. 14, 2017), report and recommendation adopted, 2017 WL 2986626 (N.D. Ga. July 13, 2017), *aff'd in part*, *appeal dismissed in part*, 754 F. App'x 816 (11th Cir. 2018) ("[R]es judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action.").[3] "The doctrine of claim preclusion, sometimes referred to as *res judicata*, 'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'" *Sealey v. Branch Banking*

---

[3] "The court may also take judicial notice of another court's orders" in considering "the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6)[.]" *Aning*, 2017 WL 2991802, at *4; *see also In re Kinney*, 561 B.R. 274, 279 n.8 (Bankr. N.D. Ga. 2016) (noting that the Court "may take judicial notice of the entry of an order addressing same for purposes of recognizing the 'judicial act' it represents" and that the Court "may take judicial notice of the allegations asserted by the Debtor in other federal courts . . . and their similarity to those made in the present proceeding, and the fact that these allegations were dismissed"; "[j]udicial notice is especially appropriate as the Debtor was a direct participant in those proceedings").

6

*& Tr. Co.*, 693 F. App'x 830, 833 (11th Cir. 2017). When the prior decision was made by a federal court, federal preclusion principles apply. *Middlebrooks v. Experian Info. Sols., Inc.*, 2019 WL 8376270, at *12 (N.D. Ga. Dec. 19, 2019), report and recommendation adopted as modified, 2020 WL 1809566 (N.D. Ga. Mar. 3, 2020). Under federal preclusion principles, claim preclusion "bars a subsequent lawsuit when four elements are present: (1) a final judgment on the merits was entered; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Sealey*, 693 F. App'x at 833. Two causes of action are the same when they arise "out of the same nucleus of operative fact" or are "based upon the same factual predicate," even if the causes of action rely on different legal theories. *Id*. at 833–34.

Here, the Claims are identical, both factually and legally, to those raised in the First Case, and Debtor dismissed those claims with prejudice. Accordingly, Debtor is absolutely barred from bringing the Claims in this Court, and the Claims must be dismissed. *See* FED. R. CIV. P. 41(a)(1); *In re Beckmann*, 2023 WL 8785220, at *5 (N.D. Ga. Sept. 18, 2023), report and recommendation adopted, 2023 WL 8785135 (N.D. Ga. Oct. 18, 2023) ("Allowing Beckmann's most recent iteration to continue would disserve judicial resources

and the Court's interest in protecting adversaries from the hassle and expense of duplicative lawsuits."); *Aning*, 2017 WL 2991802, at *5.

The Bank argues that the Claims must also be dismissed because Debtor released the claims in the Settlement Agreement. The Court agrees. In the Settlement Agreement, Debtor released the Bank from any and all claims and causes of action that Debtor owned or held from the beginning of time to the date of the Settlement Agreement. It is clear from the record and the facts alleged in the Motion itself that the Bank's alleged wrongful conduct occurred prior to the execution of the Settlement Agreement. Debtor's only defense to the Bank's release defense is that there is no mention of the property taxes in the Settlement Agreement or any other basis to believe that Debtor intended to release the Claims. As the release captures all claims, even those unknown by the parties, the Court finds the release of the Claims is an additional basis for dismissing the Claims and denying the Motion.

## Conclusion

For the reasons stated above,

IT IS ORDERED that the Motion is **DENIED**, and the Claims are **DISMISSED** with prejudice.

**END OF DOCUMENT**

**Distribution List**

Jon Michael Hayes Shibley
780 Clubside Drive
Roswell, GA 30076

Jon Michael Hayes Shibley
177 Lake Laurel Dr
Dahlonega, GA 30533

Leslie M. Pineyro
699 Piedmont Ave, NE
Atlanta, GA 30308

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

William Russell Patterson, Jr.
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629