**IT IS ORDERED as set forth below:**

**Date: June 9, 2025**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **BANKRUPTCY CASE NUMBER** |
| | : | |
| JON MICHAEL HAYES SHIBLEY, | : | 18-68584-LRC |
| | : | |
| Debtor. | : | |
| | : | |
| JON MICHAEL HAYES SHIBLEY, | : | **CONTESTED MATTER** |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHSTATE BANK, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Respondent. | : | BANKRUPTCY CODE |

## <u>ORDER</u>

Before the Court is the _Motion to Vacate Settlement Agreement with SouthState Bank_

_and Overturn Ruling and Orders Docs. 352, 360, and Pursuant to Federal Rules 600313_

(Doc. 376, the "Motion to Vacate") and *Motion for Evidentiary Hearing on Debtor's Doc. 376, Motion to Overturn Ruling pursuant to 60(b)3, and 9014d* (Doc. 377, the "Motion for Hearing")*,* filed by Jon Michael Hayes Shibley ("Debtor").  SouthState Bank (the "Bank") opposes the Motion to Vacate.  Having considered the papers, the Court finds that a hearing is not required and would not assist the Court in reaching its decision.  *See In re Farnham*, 666 B.R. 693, 704 (Bankr. M.D. Ga. 2024).

<u>Background Facts and Procedural History</u>

On November 5, 2018 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.[1]  On the Petition Date, Debtor owned, with his wife, his residence, commonly known as 770 and 780 Clubside Drive, Roswell, Georgia (the "Property").  The Property was subject to a deed to secure debt held by the Bank (the "DSD").  The Court converted the case to Chapter 7 on July 25, 2019, and Edwin K. Palmer (the "Trustee") was appointed as the Chapter 7 trustee.[2]  On June 13, 2019, Debtor filed a

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute." *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).  Further, the "Court is permitted to take judicial notice of the cases included in the Movant's Motion for Sanctions despite the fact that a majority of those cases did not take place in front of this Court."  *In re Marietta City Gramling St. Land Tr.*, 2014 WL 6460684, at *6 (Bankr. N.D. Ga. Oct. 21, 2014).

[2] Debtor appealed the Court's order converting the case, but the appeal was dismissed for want of prosecution.  *See*

2

complaint against the Bank and its counsel, among other defendants (the "Adversary Proceeding"). In the Adversary Proceeding, Debtor alleged that the Bank and its counsel forged his signature on certain documents and, therefore, did not have a valid security interest in the Property. Debtor sought declaratory relief and damages against the Bank and others under multiple theories. After resolving a significant number of pretrial motions, including Debtor's motion for leave to amend the complaint, and narrowing the issues to the question of whether the DSD was valid, the Court held a trial. At the conclusion of the trial, the Court found that Debtor failed to carry his burden of proof and entered judgment in favor of the Bank. *See* Adv. Pro. 19-05229, Doc. 124 (Nov. 4, 2022).

In the bankruptcy case, the Trustee filed a report of no distribution and a notice of abandonment as to the Property. Doc. 238. Accordingly, in August 2021, the Property was abandoned to Debtor. *See* 11 U.S.C. § 554. After having resolved the Adversary Proceeding, the Court also terminated the automatic stay in favor of the Bank to permit it to exercise its state law rights as to the Property. Doc. 248 (the "Order Lifting Stay"). Debtor appealed the Order Lifting Stay to the District Court on November 18, 2022 (Doc. 252), and it was affirmed on June 1, 2023 (Doc. 329).

---

Docs. 133, 155.

3

Beginning in April 2023, Debtor's wife, Malin Shibley ("Ms. Shibley"), filed three successive, voluntary petitions for relief under Chapter 13 of the Bankruptcy Code, all of which were dismissed without the confirmation of a Chapter 13 plan.  Case Nos. 23-53987-LRC; 23-57184-LRC (the "Second Chapter 13 Case"); and 23-60825-LRC (the "Third Chapter 13 Case").  These Chapter 13 cases triggered an automatic stay and/or a co-debtor stay that further protected the Property from the Bank's attempts to foreclose the DSD.  In the Second Chapter 13 Case, Ms. Shibley also filed a complaint attacking the DSD in a manner similar to the suit filed by Debtor.  Adversary Proceeding No. 23-05151 (the "Ms. Shibley Adversary").  At the same time, Ms. Shibley filed a quiet title action in the District Court for the Northern District of Georgia to prevent the Bank from foreclosing on the Property.  Case No. 23-cv-03315, *Malin Shibley v. SouthState Bank* (the "Ms. Shibley District Court Action").[3]

In the Third Chapter 13 Case, Ms. Shibley filed a motion to impose a stay to protect the Property because, pursuant to § 362(c)(4), the automatic stay did not arise upon the filing of the bankruptcy petition, and the Bank sought relief from the co-debtor stay

---

[3] On November 1, 2023, the day before Ms. Shibley filed the Third Chapter 13 Case, the District Court granted summary judgment in favor of the Bank on all counts in the Ms. Shibley District Court Action. (Ms. Shibley District Court Action, Doc. 22).

4

provided by § 1301. The Court held a hearing on both motions on November 6, 2023. Ms.

Shibley, Debtor, and the Bank appeared and announced the terms of a settlement agreement

on the record, and the Court entered an Order (Third Chapter 13 Case, Doc. 24) providing

that: (1) the automatic stay did not go into effect in the Third Chapter 13 Case; (2) the co-

debtor stay, pursuant to § 1301 was terminated as to the Bank and the Property; (3) in the

event Debtor, Ms. Shibley, or the Property is the subject of any bankruptcy case, no

automatic stay or co-debtor stay shall apply as to the Bank or the Property; and (4) Debtor,

Ms. Shibley, and the Bank were authorized to enter into a settlement agreement (the

"Settlement Agreement," Doc. 347, Exh. A). On November 7, 2023, Debtor, Ms. Shibley,

and the Bank entered into the Settlement Agreement. In the Settlement Agreement, Debtor

agreed to the amount of the debt owed to the Bank that was secured by the Property, as of

October 18, 2023, plus an agreed per diem thereafter; agreed that the loan documents were

valid; and released all his claims against the Bank and its agents and attorneys. The Bank

agreed to accept a reduced payoff of $1,018,000 (the "Settlement Amount") on or by 2:00

pm EST on December 29, 2023.

Under the Settlement Agreement, the Bank's agreement to accept a reduced payoff

would be null and void if payment was not received timely, in which case, Debtor

5

acknowledged that the Bank would be entitled to foreclose the DSD in January 2024.
Debtor specifically agreed that the Bank had the right to foreclose its interest in the Property
under its loan documents and that he would not interfere with the foreclosure if he did not
pay timely.  On November 28, 2023, Ms. Shibley filed Plaintiff's Notice of Dismissal with
Prejudice (Ms. Shibley Adversary, Doc. 7), to which the Bank filed a Special Appearance
and Notice of No Opposition to Plaintiff's Notice of Dismissal with Prejudice (Ms. Shibley
Adversary, Doc. 8).  On December 14, 2023, the Court entered an Order dismissing the Ms.
Shibley Adversary with prejudice.  (Ms. Shibley Adversary, Doc. 9).

Debtor failed to pay the Settlement Amount by December 29, 2023, and the Bank
was advertising the Property for foreclosure.  On the advertised foreclosure date—January
2, 2024—the Bank, Ms. Shibley, and Debtor entered into a Modification to Settlement
Agreement that extended the Settlement Payment Deadline to January 31, 2024, to allow
Debtor and Ms. Shibley to sell the Property.  Debtor once again acknowledged the amount
of the debt owed to the Bank and released all claims asserted or assertable against the Bank.
*See* Doc. 347, Exh. B.

On January 26, 2024, Shibley filed a number of pleadings in the Superior Court of
Fulton County, Georgia, including a Complaint for Deceptive Trade Practices, a Motion

6

for Permanent Injunction preventing the Bank from foreclosing on the Property; and a Request for Temporary Restraining Order to prevent the Bank from foreclosing on the Property and initiating three separate cases pursuant to the various pleadings, all of which the Bank removed to the District Court. *See* Case Number 24-CV-00436-WMR; Case Number 24-CV-00437-WMR; Case Number 24-CV-00439-WMR (the "2024 District Court Cases"). In the 2024 District Court Cases, Debtor specifically alleged that the Bank knowingly "collected Tax Escrow, rolled them into the loan, but did not pay the property taxes," and made "multiple motions to remove the stay" that were grounded in fraud and false statements, and misrepresentations." Case No. 24-cv-00439-WMR, Doc. 1, at 8–9. Attached to one of the complaints filed in the 2024 District Court Cases, is a copy of a proposed closing statement that includes information regarding the amounts that Debtor and Ms. Shibley would need to pay prior to closing the sale of the Property that was originally scheduled for January 31, 2024. *See* Case No. 24-cv-00439-WMR, Doc. 1 at 15 (the "24-00439 Complaint"). That closing statement included a line item that indicated "Vesta Payoff 2016, 2017, 2018 2019" in two amounts, $7,935.98 and $73,899.85. *Id*. Further, Debtor alleged in the 24-00439 Complaint that the Bank's deception "and the resulting liens interfered with the sale, and [Debtor] had to cancel the sale." *Id*.

7

On February 5, 2024, Shibley and Ms. Shibley closed the sale of the Property and paid the Bank the Settlement Amount.  The same day, Shibley signed a Notice of Dismissal with Prejudice for each of the 2024 District Court Cases, and these were filed with the District Court on February 6, 2024, dismissing the 2024 District Court Cases with Prejudice.

On March 29, 2024, Debtor filed a *Motion for Sanctions for Deceptive Trade Practices* against the Bank (Doc. 340, the "Sanctions Motion").  In the Sanctions Motion, Debtor asserted claims against the Bank for inappropriately adding amounts for property taxes to its debt balance when, in fact, the Bank had not advanced those funds, and Debtor eventually paid the amounts when he sold the Property.  The Bank filed a response on May 8, 2024, denying Debtor's allegations and raising the defenses of release and *res judicata.* Doc. 348.  The Court agreed with the Bank and, on July 25, 2024, dismissed the Sanctions Motion on both grounds asserted by the Bank. (Doc. 352, the "Dismissal Order").  In the Dismissal Order, the Court concluded that Debtor had released all claims against the Bank, known or unknown and that his dismissal with prejudice of the 2024 District Court Cases precluded his claims, especially considering Debtor was aware of the allegedly undisclosed taxes prior to the closing of the sale of the Property.  This was evidenced by the fact that

8

the complaint he filed in the 2024 District Court Cases made similar allegations against the Bank. Subsequently, the Bank filed a motion for sanctions (Doc. 347, the "Rule 9011 Motion") against Debtor. The Court again agreed with the Bank that Debtor filed the Sanctions Motion in bad faith for the improper purpose of harassing the Bank, found Debtor in violation of Rule 9011, and, on November 15, 2024, awarded a judgment against Debtor in favor of the Bank. Docs. 360 (the "Sanctions Order"), 372, 371.

In the Motion to Vacate, filed on December 9, 2024, Debtor now seeks to "vacate" the Settlement Agreement and "overturn" the Dismissal Order and the Sanctions Order, pursuant to Rules 60(b)(3) and 60(b)(6), made applicable to this contested matter by Rule 9024 of the Federal of Bankruptcy Procedure. Debtor asserts the Court should not have relied on the Settlement Agreement to find his claims released because the Settlement Agreement is void, due to fraud, misrepresentation, and misconduct by the Bank. Specifically, Debtor alleges that the Settlement Agreement is void under O.C.G.A. § 13-4-60 because the Bank misrepresented to Debtor that it had paid all property taxes on the Property, when in fact, certain property taxes had not been paid and resulted in liens held by third parties that, upon the closing of the sale of the Property, had to be paid out of the sale proceeds, resulting in his receiving no excess sale proceeds. He contends that he would

9

not have entered the Settlement Agreement or agreed to the Settlement Amount if he had known that he would still be required to pay additional property taxes and satisfy tax liens held by a third party upon the sale of the Property.  In support, Debtor alleges that the undisclosed tax liens at issue are "new" tax liens of which he was unaware at the time he entered the Settlement Agreement and that he was unfairly pressured to close the sale by the Bank and its threat to foreclose.  As to the Court's holding that the dismissal of the 2024 District Court Cases was preclusive, Debtor argues that the Court erred because there is an exception to the *res judicata* effect of a judgment when the judgment is void due to fraud.  Attached to the Motion to Vacate is a copy of the settlement statement from the sale of the Property.  Like the settlement statement attached to the 24-00439 Complaint, this settlement statement includes a line item that indicates "Vesta Payoff 2016, 2017, 2018 2019" in two amounts, $7,935.98 and $73,899.85.

In response, the Bank submits that the Motion to Vacate is "another attempt to ignore the prior settlements, rulings and voluntary dismissals with prejudice and harass [the Bank] with no valid basis in fact or law."  Specifically, the Bank asserts that Debtor fails to satisfy the standard required by Rule 9024 and Rule 60(b) to reconsider a prior order and is simply attempting to improperly relitigate the Dismissal Order and the Sanctions Order.

10

For the reasons that follow, the Court agrees with the Bank. Debtor seeks reconsideration of the Dismissal Order and the Sanctions Order because he believes the Court made a mistake, not because the Bank fraudulently prevented him from defending these matters. His remedy for addressing a mistake by the Court was to appeal the Dismissal Order and the Sanctions Order or to seek reconsideration within fourteen days. Instead, he waited until the time to appeal had passed and filed the Motion to Vacate. Accordingly, the Motion to Vacate is not timely and is simply an improper attempt to relitigate these matters. Even if the Motion to Vacate had been filed timely, it fails for several substantive reasons. The undisputed facts of this case show that he was not fraudulently induced to enter the Settlement or to dismiss the 2024 District Court Cases because, even if the Bank made a false representation about having paid some of the property taxes on the Property and he relied on that statement, such reliance was not justifiable. Debtor has also failed to demonstrate that he was harmed by the Bank's fraud, as, the Bank was entitled to the full sale proceeds from the Property and, without the Settlement Agreement, the outcome would have been no different—Debtor would not have retained any proceeds from the sale or foreclosure of the Property. Further, even assuming Debtor could establish the Settlement Agreement was fraudulently induced, the Settlement

11

Agreement would not have been automatically void. Debtor took no steps to rescind the Settlement Agreement and, through his actions in closing the sale of the Property, ratified it, making it impossible to restore the Bank to the position in which it was prior to the entry of the Settlement Agreement. Therefore, even if the Court assumes the truth of Debtor's factual allegations, Debtor cannot establish that the Court made a mistake when it entered the Dismissal Order and the Sanctions Order, and the Court finds no reason to exercise its considerable discretion to reconsider these matters.

### Applicable Legal Standards

Debtor seeks relief pursuant to Rule 60(b)(3) and (b)(6), made applicable in this contested matter by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b)(3) allows a party to be relieved from a judgment due to "fraud, misrepresentation or other misconduct of an adverse party," while Rule 60(b)(6) allows such relief for "any other reason justifying relief from the judgment." Fed. R. Civ. P. 60(b). "The decision to alter or amend a judgment is highly discretionary." *In re Gibbs*, 2022 WL 850061, at *3 (Bankr. N.D. Ga. Mar. 22, 2022) (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)). Rule 60(b) relief is also considered extraordinary relief, and "'Rule 60(b) was not intended to . . . afford a substitute for appeal.'" *Id.*; *see also Shibeshi v.*

12

*E\*TRADE Sec., LLC*, 2025 WL 1250726, at \*4 (11th Cir. Apr. 30, 2025) ("We have explained that subsections (b)(1) and (b)(6) of Rule 60 are mutually exclusive, meaning 'a court cannot grant relief under [Rule 60](b)(6) for any reason which the court could consider under [Rule 60](b)(1).'").

Debtor relies on Rule 60(b)(3) as a basis to vacate the Sanctions Order and the Dismissal Order. "To prevail under Rule 60(b)(3), a movant must prove by clear and convincing evidence that an adverse party obtained the verdict through fraud, misrepresentation or other misconduct." *Gibbs*, 2022 WL 850061, at \*3 (citing *Nuclear Pharmacy, Inc. v. CTI, Inc*., 478 F.3d 1303, 1314 (11th Cir. 2007)). "He also must show that the conduct prevented him from fully and fairly presenting his case or defense." *Id*.; *see also In re Moran Lake Convalescent Ctr., LLC*, 2013 WL 2338739, at \*2 (Bankr. N.D. Ga. Apr. 29, 2013). "In other words, the fraud or misconduct contemplated by Rule 60(b)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which would have amounted to a claim or defense in the case." *Gibbs*, 2022 WL 850061, at \*3.

Debtor's arguments and allegations do not establish that relief is appropriate under

13

Rule 60(b)(3).  Debtor has alleged no facts that would allow the Court to conclude that the Bank fraudulently prevented Debtor from litigating the Sanctions Motion or the Rule 9011 Motion.  His allegations of fraud and misconduct are directed at the Bank's representations regarding the amount of its debt and the amount that it advanced to pay property taxes, all of which occurred years before the Court entertained those matters and was not conduct that prevented Debtor from making his case against the Bank after the closing of the sale of the Property or from defending against the Bank's claim that he violated Rule 9011.  Rather, his argument is essentially that the Court erred when it found that Debtor's claims against the Bank were released and barred by *res judicata* and that he violated Rule 9011 by filing the Sanctions Motion.  Accordingly, his argument is one to be made under Rule 60(b)(1).

Debtor cannot prevail under Rule 60(b)(1) either, however.  A Rule 60(b)(1) motion must be filed within a "reasonable time," which the Court finds under the facts and circumstances of this case was before the time to appeal expired.  *See generally In re Farnham,* 666 B.R. 693, 703 (Bankr. M.D. Ga. 2024); *see also United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.,* 920 F.2d 788, 791 (11th Cir. 1991) ("First, the motion is time barred because it was brought

14

after the time allowed to perfect an appeal."); *Sec. & Exch. Comm'n v. Penn*, 2021 WL 1226978, at *4 (S.D.N.Y. Mar. 31, 2021), *aff'd sub nom.*, 2022 WL 2517218 (2d Cir. July 7, 2022) ("When parties move pursuant to Rule 60(b)(1) to address an alleged intervening change of law, motions are only made within a reasonable time when they are filed before the time to appeal has expired.").  A party is not permitted to forgo filing a notice of appeal and instead seek relief from an order under Rule 60(b)(1) after the time to perfect an appeal has passed.  *See Wright v. Poole*, 81 F. Supp. 3d 280, 291 (S.D.N.Y. 2014) ("[A] reasonable time for bringing Rule 60(b)(1) motions based on a mistake by the Court is even shorter than the one-year limit contained in Rule 60(c)(1); not only must a movant comply with the one-year limitation, he also must bring the motion before the time for appeal has elapsed."); *see also United States v. Holmes*, 2013 WL 709053, at *1, n.1 (D. Colo. Feb. 25, 2013) ("[A] Rule 60(b)(1) motion based on a court's substantive error must be filed within the time to appeal," and, as movant "did not file its Rule 60(b)(1) motion within the time to appeal, it may no longer avail itself of the argument that the Court erred.").

For the same reason, relief under Rule 60(b)(6) is not appropriate.  *Sec. & Exch. Comm'n v. Penn*, 2021 WL 1226978, at *5 (S.D.N.Y. Mar. 31, 2021), *aff'd sub nom.*2022 WL 2517218 (2d Cir. July 7, 2022); *Martin v. Lens.com, Inc.*, 2025 WL 1191212, at *3

15

(S.D. Fla. Jan. 24, 2025) ("Since legal error can usually be corrected on appeal, legal error alone fails to justify relief under Rule 60(b)."). Further, Debtor has not shown the type of "extreme" and "unexpected hardship necessary to succeed" under Rule 60(b)(6). *See United States v. Approximately $299,873.70 Seized From a Bank of Am. Acct.*, 833 F. App'x 773, 776 (11th Cir. 2020). More than most, this case cries out for finality. The dispute between Debtor and the Bank has persisted for almost seven years and has traveled from this Court to the District Court and back, several times. The facts alleged by Debtor do not convince the Court that it should exercise its discretion to award the extraordinary relief of revisiting the decisions made in the Dismissal Order and the Sanctions Motion.

Even if the Motion to Vacate had been timely filed, the Court concludes that nothing in the Motion to Vacate would change the Court's decision that Debtor's claims against the Bank were released and barred. Debtor's argument depends on a finding that the releases Debtor agreed to in the Settlement Agreement are unenforceable and the order dismissing the 2024 District Court Cases with prejudice had no preclusive effect because Debtor was fraudulently induced to enter the Settlement Agreement. This Court uses "the applicable state's contract law—here, Georgia's—to construe and enforce settlement agreements." *Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 331 (11th Cir. 2020). To find fraudulent

16

inducement under Georgia law, the Court must find the satisfaction of "five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.'" *Baxter v. Fairfield Fin. Servs., Inc.*, 307 Ga. App. 286, 293–95, 704 S.E.2d 423, 429–30 (2010); *see also Williams v. Ocwen Loan Servicing LLC*, 2015 WL 11511579, at *13 (N.D. Ga. July 31, 2015), report and recommendation adopted, 2015 WL 11622471 (N.D. Ga. Aug. 26, 2015) ("The elements of civil fraud are: (1) a false representation by defendants, (2) scienter, (3) an intention to induce plaintiff to act or refrain from acting in reliance upon the representations, (4) plaintiff's justifiable reliance on the false statements, and (5) damages resulting from such reliance.").

First, Debtor has not established justifiable reliance. The Bank had no duty to tell Debtor about the property tax liens. *See Baxter,* 307 Ga. App. at 294. Assuming the Bank intentionally misled Debtor as to whether it paid the property taxes, Debtor's allegations do not establish that he justifiably relied on that false statement in entering the Settlement Agreement or in dismissing the 2024 District Court Cases. To establish justifiable reliance, Debtor must demonstrate that he "exercised his duty of due diligence to ascertain the truth of the matter and to avoid damage." *Id*. at 294. Debtor had "equal and ample opportunity"

to avoid this harm by reviewing the public record. *Id*. If he had, he would have seen the tax liens and inquired as to why they had not been marked satisfied. "Blind reliance precludes a fraud claim as a matter of law." *Id*. at 294–95; see also *Avery v. Grubb*, 336 Ga. App. 452, 456, 784 S.E.2d 817, 821 (2016) (affirming trial court's conclusion that plaintiff seeking declaration that settlement agreement was unenforceable due to fraud failed to show she justifiably relied on false representations).

Second, Debtor's allegations do not establish that he suffered harm. Debtor claims that he would not have entered the Settlement Agreement or closed the sale of the Property if he had known that the Bank had not satisfied the tax liens. The harm he asserts is that he did not receive any sale proceeds upon the sale of the Property, including the amount of his homestead exemption. But Debtor misunderstands the nature of the bankruptcy exemption. A debtor's exemption can protect a debtor from having his real property liquidated to pay unsecured creditors but it does not allow a debtor to obtain payment of an exemption ahead of secured creditors. 11 U.S.C. § 522(c)(2). Accordingly, the Bank had the right to receive payment of its full debt before Debtor received anything. The Bank only agreed to reduce that amount in exchange for the releases provided in the Settlement Agreement, and the reduction the Bank agreed to exceeded the amount Debtor contends the Bank claimed it

18

advanced for payment of taxes and added to its debt.  In short, while Debtor complains that the Bank's fraud was responsible for his failure to receive any sale proceeds, Debtor's allegations do not demonstrate that he could have avoided this harm if he had not entered the Settlement Agreement.  Without the Settlement Agreement, the Bank would have been entitled to either foreclose or to receive the full amount of any sale proceeds in satisfaction of its full debt.

Finally, Debtor dismissed the 2024 District Court Cases and closed the sale of the Property rather than rescinding the Settlement Agreement.  He cannot now go back and rescind the Settlement Agreement.  "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Dodds v. Dabbs, Hickman, Hill & Cannon, LLP*, 324 Ga. App. 337, 340–42, 750 S.E.2d 410, 414–15 (2013); see also O.C.G.A. § 13-4-60.  "A party seeking to rescind a contract for fraud must restore or tender back the benefits received under the contract, or show a sufficient reason for not doing so." *Id*. "Rescission or attempted rescission is a condition precedent even to bringing an action seeking rescission."  *Id.* at 340–41.  Debtor, aware of the fact that the tax liens would need to be paid to close the sale of the Property, did not attempt to place the Bank

19

"substantially in its original position."  Rather, Debtor went forward with the sale, paying the Bank the reduced amount under the Settlement Agreement and extinguishing the Bank's security interest in the Property.  Debtor now seeks to retain the benefit of having sold the Property for less than was owed to the Bank without the Bank's enjoying the release to which Debtor agreed.  "Where a party who is entitled to rescind a contract on ground of fraud or false representations, and who has full knowledge of the material circumstances of the case, freely and advisedly does anything which amounts to a recognition of the transaction, or acts in a manner inconsistent with a repudiation of the contract, such conduct amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable in equity."  *Id*. at 341–42.

Most importantly, even if Debtor could show that he was fraudulently induced to enter the Settlement Agreement and that the Court erred in relying on the releases in the Settlement Agreement, he cannot escape the preclusive effect of his decision to dismiss with prejudice the 2024 District Court Cases.  Debtor relies on a "fraud exception" to the *res judicata* doctrine and argues that the Court could not give preclusive effect to his dismissal of his earlier claims because he dismissed the claims due to the Bank's fraud. "To the extent that Plaintiff's claims arise under Georgia law, the Georgia Supreme Court

20

has explained that the common-law 'fraud' exception to res judicata requires a showing that *jurisdiction* in the prior case was obtained by fraud." *Barrett v. King*, 2024 WL 1558186, at *3 (N.D. Ga. Mar. 7, 2024) (citing *Wood v. Wood*, 38 S.E.2d 545, 548 (Ga. 1946)). "'While a judgment procured by fraud may be set aside for the fraud in a direct proceeding, still, if the judgment is rendered by a court of competent jurisdiction, the parties are concluded by it until it is set aside.'" *Id*. Debtor has not argued that the District Court lacked jurisdiction to entertain the 2024 District Court Cases. "Accordingly, [Debtor's] fraud defense similarly fails under Georgia law." *Id.; see also Price v. Bank of Am., N.A.,* 2018 WL 4850116, at *2 (N.D. Ga. July 31, 2018). The Motion to Vacate is an attempt "to collaterally attack that prior judgment and turn the *res judicata* doctrine on its head." *Hines v. First Citizens Bank*, 2024 WL 3833809, at *9 (N.D. Ga. July 26, 2024). "But that is not allowed. 'If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel. Instead, one must attack the prior judgment directly.'" *Id.* Debtor failed to return to the District Court to seek direct relief from his decision to dismiss the 2024 District Court Cases, and this Court cannot "allow him a second bite at the apple here." *Id*. Even if the Court erred in concluding that Debtor released his claims against the Bank, the Court's conclusion that Debtor's claims were barred by *res judicata* would

21

remain a sound basis for the entry of the Dismissal Order and the Sanctions Order.

For all these reasons,

IT IS ORDERED that the Motion to Vacate and the Motion for Hearing are

DENIED.

**END OF DOCUMENT**

**Distribution List**

Jon Michael Hayes Shibley
177 Lake Laurel Dr
Dahlonega, GA 30533

Leslie M. Pineyro
699 Piedmont Ave, NE
Atlanta, GA 30308

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

William Russell Patterson, Jr.
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629